Shippen, President,
in delivering the charge of the Court, adverted to the nature of the evidence on which the case was established, and instructed the Jury to take the whole together, unless they should think, that there were circumstances in the Defendant’s confession, which rendered the part in his own favor inconsistent or improbable.
But, even admitting the fact, that the Plaintiff had been shipped by the owner, his Honor stated, that the captain was liable; for, the law gave the Plaintiff a threefold remedy to recover his wages; and, unless by some positive act, or word, he had released (as he might do) one of those remedies, a mere compliance with the solicitation of the owner to embark, cannot defeat them. He said there was no distinction, in this respect, between the mate and a common mariner; they were alike subject to the orders of the captain, who could equally refuse to receive either, or, when received, was equally empowered to dismiss them; for, his appointment as captain gave him the sole, undoubted, and exclusive right of choosing every seaman under him, whatever curtesy he might be inclined to shew to the recommendation of those by whom he was himself employed.
With regard to the case of repairs, the President observed, that it was not strictly analogous to that of seamen’s wages, but stood on this footing:—If a vessel is in port, where the owners reside, and they, without the interposition of the captain, employ carpenters, &c. to repair her, the captain is not liable; not merely because he does not employ them, but, because he is not answerable for their conduct when employed. But if a vessel is repaired in a foreign port, then, indeed, a similitude arises between the cases, and the captain is as liable for those repairs, as for the wages of his sailors, because the workmen, as well as the sailors, are, in the latter instance, employed by him, and equally subject to his controul and dismission.
The opinion of the Court was, conclusively, that, if the mate had served on board the vessel, the captain’s having admitted him to do so, rendered him liable for the payment of the wages.
And the Jury, accordingly, found a verdict for the Plaintiff.